Cardillo & Corbett **08 CV 3498**
Attorneys for Plaintiff
WEST LINE SHIPPING CO., LTD.
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212
Tulio R. Prieto (TP-8455)

APR 10 2008

U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
WEST LINE SHIPPING CO., LTD.,           :
                                        :
                    Plaintiff,          :    **ECF**
                                        :    <u>**VERIFIED COMPLAINT**</u>
            -against-                   :
                                        :
HANGZHOU SANZE IMPORT & EXPORT          :
CO., LTD., a/k/a HANGZHOU SANZE         :
I/E CO., LTD.,                          :
                                        :
                    Defendant.          :
-------------------------------------x

Plaintiff, WEST LINE SHIPPING CO., LTD.,

("Plaintiff"), by and through its attorneys, Cardillo &

Corbett, as and for its Verified Complaint against the

Defendant, HANGZHOU SANZE IMPORT & EXPORT CO., LTD., a/k/a

HANGZHOU SANZE I/E CO., LTD. ("Defendant") alleges, upon

information and belief as follows:

<u>JURISDICTION</u>

1.    This is an admiralty and maritime claim within

the meaning of Rule 9(h) of the Federal Rules of Civil

Procedure and 28 United States Code § 1333.

<u>THE PARTIES</u>

2.    At all material times to this action Plaintiff

was, and still is, a foreign business entity duly organized and existing under the laws of a foreign country with a registered address at Room 1501B, No. 620, Zhangyang Road, Shanghai 200120 China.

3.    At all times material to this action, Defendant was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at Dongxi Industrial Park, Fenshui Town, Tonglu County, Hangzhou, China.  Upon information and belief, Defendant is known as HANGZHOU SANZE IMPORT & EXPORT CO., LTD., and HANGZHOU SANZE I/E CO., LTD.

<u>DEFENDANT'S BREACH OF CONTRACT</u>

4.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-3 of this Complaint as if set forth at length herein.

5.    By a voyage charter party dated November 29, 2007, Plaintiff agreed to carry and defendant agreed to load approximately 13,000 metric tons of bagged cement aboard the M/V Tarpon Santiago (the "Vessel") from Longkou, China, to Luanda, Angola (the "Charter Party").

6.    The Vessel performed the voyage under the Charter Party and was delayed for a substantial period of time at the discharge port of Luanda.  The Charter Party allowed Defendant seven (7) days to discharge the cargo after

2

the Vessel's tendering notice of readiness.  Defendant,
however, took 18 days 16 hours 20 minutes to discharge the
cargo at Luanda, exceeding the time allowed by 11.68 days.
The Charter Party provides that demurrage and detention are
payable by Defendant at the rate of $25,000 per day.  As a
result of this delay the Vessel incurred demurrage and/or
detention in the amount of $292,000.

      7.    Plaintiff has demanded the demurrage and/or
detention incurred by the Vessel from Defendant, but
Defendant has failed and refused to pay the outstanding
demurrage and/or detention due in the amount of $292,000.

HONG KONG ARBITRATION

      8.    The Charter Party provides that any disputes
arising under the Charter Party shall be referred to
arbitration in Hong Kong.  English law is applicable to the
Charter Party.

      12.    Plaintiff has commenced arbitration against
Defendant pursuant to the terms of the Charter Party.

      13.    Interest, costs and attorneys' fees are
routinely awarded to the prevailing party by arbitrators in
Hong Kong pursuant to English law.  As best as can now be
estimated, the following amounts can be expected to be
recovered in the action.

      A.    On the principal claim:        $292,000.00

3

| B. | Interest at 7% for 2 years | $ 40,800.00 |
| C. | Arbitration fees and attorneys' fees: | 70,000.00 |

TOTAL:                                                    $402,800.00

## DEFENDANT NOT FOUND WITHIN THE DISTRICT

14.    Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, which are believed to be due and owing to Defendant.

15.    Plaintiff seeks an order from this court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims

4

and also pursuant to the United States Arbitration Act, 9
U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of
Defendant held by the aforesaid garnishees for the purpose of
obtaining personal jurisdiction over Defendant and to secure
Plaintiff's claims as described above.

        **WHEREFORE**, Plaintiff prays:

        A.    That process in due form of law issue against
Defendant citing it to appear and answer under oath all and
singular the matters alleged in the Complaint.

        B.    That since Defendant cannot be found within
this District pursuant to Rule B of the Supplemental Rules
for Certain Admiralty and Maritime Claims, this Court issue
an Order directing the Clerk of the Court to issue Process of
Maritime Attachment and Garnishment pursuant to Rule B of the
Supplemental Rules for Certain Admiralty and Maritime Claims
and also pursuant to the United States Arbitration Act, 9
U.S.C. §§ 1 and 8, attaching all tangible or intangible
property in whatever form or any other funds held by any
garnishee, including, but not limited to, ABN Amro Bank NV,
American Express Bank, Banco Popular, Bank Leumi, Bank of
America, Bank of China, Bank of Communications Co. Ltd. New
York Branch, Bank of New York, Barclays Bank, BNP Paribas,
Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA)
Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank
of India, Societe Generale, UBS AG and/or Wachovia Bank,

5

which are due and owing to Defendant, in the amount of
$402,800.00 to secure Plaintiff's claims and that all persons
claiming any interest in the same be cited to appear and
pursuant to Rule B of the Supplemental Rules for Certain
Admiralty and Maritime Claims answer the matters alleged in
the Complaint.

        C.    That this Court retain jurisdiction over this
matter through the entry of any judgment or award associated
with any of the claims currently pending, or which may be
initiated in the future, including any appeal thereof; and

        D.    That the Plaintiff has such other, further and
different relief as the Court may deem just and proper.

Dated:    New York, New York
        April 10, 2008

                    CARDILLO & CORBETT
                    Attorneys for Plaintiff
                    WEST LINE SHIPPING CO., LTD.,

By:       _____
                    Tulio R. Prieto (TP 8455)

                    Office and P.O. Address
                    29 Broadway, Suite 1710
                    New York, New York 10006
                    Tel: (212) 344-0464
                    Fax: (212) 797-1212

**ATTORNEY'S VERIFICATION**

State of New York )
                 ) ss.:
County of New York)

      1.    My name is Tulio R. Prieto.

      2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

      3.    I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

      4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

      5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

      6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

      7.    I am authorized to make this Verification on

7

behalf of the Plaintiff.

_____

Tulio R. Prieto

Sworn to this 10th day
of April, 2008

NOTARY PUBLIC

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011

8